UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JULY 16, 2008
08CV4034
JUDGE KOCORAS
MAGISTRATE JUDGE KEYS

MAXIMO F. WILHELM-MUNOZ, )
)
Plaintiff, )
)
vs. )  PH **Jury Demand**
)
MILLARD REFRIGERATED SERVICES, INC., )
)
Defendant. )

### COMPLAINT
### AS AND FOR A FIRST CAUSE OF ACTION
### (Title VII-NATIONAL ORIGIN DISCRIMINATION)

**Nature of the Action**

This is an action under he Title VII of the Civil Rights Act of 1964 and as amended by <u>inter alia,</u> the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., ("ACT"). venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for the Defendant, MILLARD REFRIGERATED SERVICES, INC. ("MRS") having subjected Plaintiff, MAXIMO WILHELM-MUNOZ to nationality discrimination by failure to treat him the same as other non-Guatamalan employees despite MAXIMO WILHELM-MUNOZ'S repeated complaints about same.

### PARTIES

1. Plaintiff, MAXIMO WILHELM-MUNOZ, (hereinafter "WILHELM") is an adult person and a resident of Du Page County, State of Illinois.

2. WILHELM was an employee of Defendant, MRS until October 26, 2006.

3. MRS is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq.*, and has been at all times material to the allegations herein.

4. WILHELM filed a discrimination charge against Defendant with the Illinois Department of Human Rights (IDHR) (See Exhibit "A") thereafter the Equal Employment Opportunity Commission (EEOC) adopted the IDHR findings. That charge was timely filed, under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. A. § 2000e-5(e).

8. Thereinafter on or about April 19, 2008, WILHELM received notice from the EEOC of his right to bring this action (see Exhibit "B"), and WILHELM timely filed this action.

9. At all times relevant, WILHELM was meeting the legitimate expectations of MRS.

## STATEMENT OF CLAIMS

10. Defendant by its action or actions of its agents, caused and created a hostile work environment by wrongfully disciplining Plaintiff on many occasion well known to MRS, and treating him differently than other non-Guatemalan, which unreasonably interfered with the terms and conditions of Plaintiffs employment and Plaintiff performance in his job and created discrimination based upon nationality, and a hostile and offensive work environment which caused WILHELM such pain and suffering that he had to resign from MRS. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991

11. By reason of the national origin discrimination of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

12. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. Reinstatement or, alternatively, front pay;

3. Damages, including loss of pay and benefits;

4. Statutory liquidated damages due to the defendant's willful conduct;

5. Attorneys' fees and costs incurred in this action

6. Such other relief as is just and equitable.

7. The plaintiff requests a jury trial of this action.


MAXIMO F. WILHELM-MUNOZ


BY:**Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>(07W1127-14) | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2007CF1595 |
|---|---|---|

**Illinois Department of Human Rights and EEOC**

| NAME (indicate Mr. Ms. Mrs.)<br>Mr. Maximo F. Wilhelm-Munoz | HOME TELEPHONE (include area code)<br>(630) 674-6395 | |
|---|---|---|
| STREET ADDRESS<br>21W580 Lynn Road; #3 | CITY, STATE AND ZIP CODE<br>Lombard, IL. 60148 | DATE OF BIRTH<br>04/01/77 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>Millard Refrigerated Services | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE<br>(630) 262-7410 |
|---|---|---|
| STREET ADDRESS<br>2088 Geneva Drive | CITY, STATE AND ZIP CODE<br>Geneva, IL. 60134 | COUNTY<br>DuPage (043) |
| CAUSE OF DISCRIMINATION BASED ON:<br>National Origin | | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>11/25/06<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed attach extra sheets)

I.   A.   **ISSUE/BASIS**

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT OCTOBER 3, 2006, BECAUSE OF MY NATIONAL ORIGIN, GUATAMALA.

B.   **PRIMA FACIE ALLEGATIONS**

1. My national origin is Guatamala.

2. I have satisfactorily performed my duties as a Fork Lift Operator, and have been employed with Respondent since May 17, 2005.

(Continued)

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br><br>_[signature]_  12/11/06<br>NOTARY SIGNATURE    MONTH DATE-YEAR |
|---|---|
| "OFFICIAL SEAL"<br>JACQUELYN TURNER HAMB<br>Notary Public, State of Illinois<br>My Commission Expires 9/21/09<br>**NOTARY SEAL** | x _[signature]_  12/1/2006<br>SIGNATURE OF COMPLAINANT    DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

EXHIBIT "A"

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Mr. Maximo F. Wilhelm-Munoz<br>459 Bristol Drive<br>Carol Stream, IL 60188 | From: Equal Employment Opportunity Commission<br>Chicago District Office<br>500 West Madison Street<br>Suite 2800<br>Chicago, Illinois 60661-2511 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-00571 | Nola Smith, State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe*
John P. Rowe, District Director

APR 07 2008
(Date Mailed)

Enclosure(s)

cc: **MILLARD REFRIGERATED SERVICES**

Exhibit "B"

Charge Number: 2007CF1595
Maximo F. Wilhelm-Munoz
Page 2

    3. On or about October 3, 2006, I received a written disciplinary warning from Mike Polerecky (non-Guatamala), Respondent's Plant Manager. Polerecky stated that I was being issued the written disciplinary warning because I acquired five or more excused absences within a one year period. I did not receive any documentation from Polerecky which validated his reason for the disciplinary action. During this period of time, I did not engage in any acts of willful misconduct which merited receipt of any disciplinary activity from the Respondent.

    4. I believe that there have been other, similarly situated, non-Guatamala forklift operators, that have levels of seniority and work performance which is similar to mine, that have acquired five or more absences within a one year period, but they were not disciplined by the Respondent as I was.

II.  A.  ISSUE/BASIS

SUSPENSION, ON OR ABOUT OCTOBER 15, 2006, BECAUSE OF MY NATIONAL ORIGIN, GUATAMALA.

  B.  PRIMA FACIE ALLEGATIONS

    1. My national origin is Guatamala.

    2. I have satisfactorily performed my duties as a Forklift Operator, and have been employed with Respondent since May 17, 2005.

    3. On or about October 15, 2006, I was suspended by Mike Polerecky (non-Guatamala), Respondent's Plant Manager. Polerecky stated that I was being suspended because I missed two or more days of being tardy to work. No documentation was received from Polerecky which validated his reason for the suspension. During this time, I did not engage in any acts of willful misconduct which merited the issuance of any suspension action.

    4. I believe that there have been other, similarly situated, non-Guatamala forklift operators, that have levels of seniority and work performance which is similar to mine, that have been accused of, or have actually engaged in two or more days of being tardy to work, but they were not suspended for their actions as I have been.

(Continued)

Charge Number: 2007CF1595
Maximo F. Wilhelm-Munoz
Page 3

III.   A.   ISSUE/BASIS

CONSTRUCTIVE DISCHARGE, ON OR ABOUT OCTOBER 26, 2006, BECAUSE OF MY NATIONAL ORIGIN, GUATAMALA.

B.   PRIMA FACIE ALLEGATIONS

1. My national origin is Guatamala.

2. I have satisfactorily performed my duties as a Forklift Operator, and have been employed with Respondent since May 17, 2005.

3. On or about October 26, 2006, I constructively discharged myself when I submitted written documentation to Carlos Mamarian (non-Guatamala), Respondent's Assistant to the General Manager. I submitted written documentation to Mamarian stating that I was constructively discharging myself because I was not given the opportunity to use my vacation leave, and because I had been exposed to hazardous conditions within Respondent's workplace.

ACF/JJT/RCG