IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maximo F. Wilhelm-Munoz, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 08 CV 4034 |
| ) | |
| Millard Refrigerated Services, Inc., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT MILLARD REFRIGERATED SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW Defendant, MILLARD REFRIGERATED SERVICES, INC. ("MILLARD") and for its Memorandum of Law in Support of its Motion to Dismiss Plaintiff, MAXIMO F. WILHELM-MUNOZ's ("Munoz") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) states as follows:

### Facts

1. On December 11, 2006, Plaintiff, Munoz filed a discrimination charge against his employer, Defendant, Millard with the Illinois Department of Human Rights (IDHR) and Equal Employment Opportunity Commission (EEOC) alleging that MILLARD had discriminated against him because of his national origin, Guatemalan.

2. On August 17, 2007, the IDHR dismissed Munoz's discrimination charge for lack of substantive evidence. (See January 7, 2008 Order of Chief Legal Counsel Designee, attached as Exhibit "A" ¶ 1).

3. On September 13, 2007, Munoz filed a Request for Review of the dismissal by the IDHR. (See Exhibit "A" ¶ 1 ).

4. On January 7, 2008, the Chief Legal Counsel Designee issued an Order that sustained the IDHR's dismissal (See Exhibit "A").

5. On February 8, 2008, Munoz filed a Petition for Review of the Final Order of Chief Counsel for IDHR in the Second District Illinois Appellate Court (hereinafter "Petition").

6. On April 7, 2008, the EEOC entered its Dismissal and Notice of Rights pursuant to Munoz's discrimination charge.

7. On April 17, 2008, Munoz filed a Joint Stipulation to Dismiss its Petition with prejudice with the Second District Illinois Appellate Court. (See Exhibit "B").

8. On April 22, 2008, the Second District Illinois Appellate Court entered an Order dismissing Munoz's Petition. (See Exhibit "C").

9. On July 16, 2008, Munoz filed a cause of action against Millard under Title VII of the Civil Rights Act of 1964, and as amended by the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e-5(f), alleging that Millard discriminated against him because of his national origin.

## Legal Argument

Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal of a complaint is proper if the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. Ill. 2006). In this instance, Munoz's cause of action for employment discrimination should be dismissed for the following reasons:

- The doctrine of res judicata bars Munoz'a federal cause of action

- Munoz Failed to Bring his Complaint within 90 days of the EEOC Right to Sue Letter

- Munoz waived his right to file a federal cause of action by dismissing his Petition for Review of the Final Order of Chief Counsel for IDHR with prejudice

### I. Res Judicata Bars the Plaintiff From Filing its Discrimination Claim Against Millard

Under federal law, res judicata precludes claims when there is (1) a final judgment on the merits in an earlier action, (2) identical claims in both suits, and (3) the same parties or privies in both suits. *Brown v. Chrysler Fin. Servs.*, 218 Fed. Appx. 536, 538 (7th Cir. Ill. 2007). Res judicata bars not only the claims actually raised in the earlier suit, but also any claims that could have been raised in that suit. *Highway J Citizens Group v. U.S. Dep't. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006).

The Seventh Circuit has adhered to the principle that "a dismissal with prejudice is as conclusive of the rights of the parties as an adverse judgment after trial, being res judicata of all questions which might have been litigated in the suit." *Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. Ill. 1971)(citing 50 C.J.S. Judgments § 633, p. 62)). Thus, "a dismissal with prejudice is a final judgment on the merits which will bar a

3

second suit between the same parties for the same cause of action." *Id.* (citing *Cleveland v. Higgins*, 2 Cir., 148 F.2d 722, 724)). In this instance, Munoz voluntarily dismissed his Petition for Review of the Final Order of Chief Counsel for IDHR with prejudice. (See Exhibit "B"). However, nearly four months after the dismissal with prejudice was entered by the court, Munoz filed a complaint alleging the exact same claims raised in his initial discrimination charge against the same defendant, Millard. As such, the dismissal of Munoz's Petition for Review against Millard bars his federal cause of action by res judicata.

## II. Plaintiff's Complaint was not Brought Within Ninety Days of the EEOC Right to Sue Letter

A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). Thus, dismissal of a Title VII or ADEA claim is proper where the plaintiff fails to prove that the complaint was filed with the court on a timely basis. *Portillo v. Zebra Techs. Corp.*, 154 Fed. Appx. 505, 507 (7th Cir. Ill. 2005). This ninety day timeframe has been strictly construed by the court. For instance, in *Portillo,* the plaintiff's Title VII claim for sexual harassment was dismissed by the court when the plaintiff filed her complaint ninety one days after she received her right to sue letter from the EEOC. *Portillo,* 154 Fed. Appx. at 507 (7th Cir. Ill. 2005).

Here, the EEOC sent Munoz a right to sue letter on April 7, 2008. However, Munoz did not file his complaint against Millard until July 16, 2008, **ninety-nine days** after the right to sue letter was mailed from the EEOC in Chicago, Illinois to Munoz's home in Carol Stream, Illinois. Thus, as it is evident that Munoz failed to file his

4

discrimination suit within the requisite ninety day period, his complaint should be dismissed.

### III. Munoz Waived His Right to File a Complaint Under Title VII By Dismissing his State Law Discrimination Claim With Prejudice

A waiver is an affirmative defense enumerated under Fed. R. Civ. P. 8(c). Specifically, a waiver is a voluntary relinquishment of a known right. *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 643 (7th Cir. Ill. 1987) (citing *Pastrana v. Federal Mogul Corp.*, 683 F.2d 236 (7th Cir. 1982). In this instance, Munoz has waived his right to file a Title VII action in federal court by dismissing his state law discrimination claim with prejudice.

In *Riley v. American Family Mut. Ins. Co.*, 881 F.2d 368, 375 (7th Cir. Wis. 1989), the plaintiff filed a claim of sexual discrimination in violation of the Wisconsin Fair Employment Act (WFEA) with the appropriate state agency. *Id.* The plaintiff's claim was also cross-filed with the EEOC. *Id.* The plaintiff subsequently filed a complaint in state court alleging a violation of the WFEA in addition to various tort claims. *Id.* Shortly thereafter, the plaintiff's attorney executed an agreement on her behalf which provided for a release all claims related to the plaintiff's employment. *Id.* Plaintiff's counsel further agreed to a dismissal of her cause of action with prejudice. *Id.* at 370.

Subsequent to the dismissal, the plaintiff obtained a right to sue letter from the EEOC and filed her Title VII action based on the same factual allegations as those set forth in the state action. *Id.* at 370. The defendant argued that the state court dismissal of the plaintiff's claims precluded her Title VII action in federal court. *Id.* The court held that a plaintiff waived her right to bring a Title VII action in federal court when the

plaintiff executed a release of all claims against the defendant related to the plaintiff's employment and when the plaintiff's state action against the defendant was dismissed with prejudice. *Id.* at 375.

Not surprisingly, Munoz's Complaint fails to acknowledge that he filed a Petition for Review of the Final Order of Chief Counsel for IDHR with the Second District Illinois Appellate Court and a Joint Stipulation to Dismiss his state law discrimination action with prejudice. As set forth above, by voluntary dismissing his state law discrimination claim with prejudice, Munoz has waived his cause of action under Title VII and The Civil Rights Act. As such, Munoz's complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendant, Millard Refrigerated Services requests that this Court grant Millard's Motion to Dismiss Plaintiff, Maximo F. Wilhelm Munoz's Complaint and grant any and other further relief this Court deems just under the circumstances.

Respectfully submitted,

MILLARD REFRIGERATED SERVICES, INC.

By:  s/ Lindsay E. Dansdill
Kevin M. Phillips
Lindsay E. Dansdill
Theodore Nicholas Goanos
FISHER KANARIS, P.C.
200 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
312.474.1400
312.474.1410 (fax)

E:\08-1747\Pleadings\Memorandum in Support of D's Motion to Dismiss.doc

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF THE )
REQUEST FOR REVIEW BY: )
 )
MAXIMO F. WILHELM-MUNOZ ) CHARGE NO: 2007CF1595
 ) EEOC NO: 21BA70571
 )

### ORDER

This matter coming before the Chief Legal Counsel Designee upon Complainant's Request for Review ("Request") of the dismissal by the Department of Human Rights ("Department") of Charge No. 2007CF1595, Maximo F. Wilhelm-Munoz, Complainant, and Millard Refrigerated Services, Respondent; and the Chief Legal Counsel Designee having reviewed de novo the Department's investigation file, including the Investigation Report, Complainant's Request and supporting materials, and Respondent's Reply to Complainant's Request ("Reply"); and the Chief Legal Counsel Designee being fully advised of the premises;

NOW, THEREFORE, it is hereby ORDERED that the Department's dismissal is SUSTAINED on the following ground:

### LACK OF SUBSTANTIAL EVIDENCE

In support of which determination the Chief Legal Counsel Designee states the following findings of fact and reasons:

1. Complainant filed a charge of discrimination with the Department on December 11, 2006, alleging that Respondent gave him a written warning (Count A), suspended him (Count B), and constructively discharged him (Count C) because of his national origin, Guatemala, in violation of Section 2-102(A) of the Illinois Human Rights Act. On August 17, 2007, the Department dismissed Complainant's charge for Lack of Substantial Evidence. On September 13, 2007, Complainant filed this timely Request.

2. As to Counts A, B, and C, Complainant, a Forklift Driver, alleges that on October 3, 2006, Respondent gave him a written warning for having five or more excused absences in a year, on October 15, 2006, Respondent suspended him for having two or more days of being tardy, and on October 26, 2006, Complainant was constructively discharged because he was unable to use his vacation leave and was subjected to hazardous work conditions, because of his national origin. Complainant further alleges that Respondent treated him differently than similarly situated non-Guatemala co-workers.



3. As to Count A, Respondent's articulated, legitimate, non-discriminatory reason for giving Complainant a written warning was because Respondent's progressive disciplinary policy states that a written warning should be issued after four excused absences within a twelve-month period. As to Count B, Complainant was given a one-day suspension because Respondent's attendance policy states that for two unexcused absences the employee will receive a final warning and a one-day suspension. As to Count C, on October 22, 2006, Complainant had an accident with his forklift and refused to take a drug test. Complainant's supervisor informed him that he would be suspended if he did not submit to a drug test, to which Complainant responded that he quit.

4. As to Count A, the Department's investigation did not reveal that Respondent issued to Complainant a written warning because of his national origin. The investigation revealed that Respondent has an Attendance Policy that states in part, that excessive excused absences will be disciplined as follows: three excused absences in a twelve month period – counseling; four excused absences in a twelve month period – written warning; five excused absences in a twelve month period – final warning and a one-day suspension; and seven excused absences in a twelve month period – termination. The investigation revealed that Respondent is a cold storage facility that hired Complainant on July 16, 2003, as a Forklift Driver. Complainant alleges that in 2003, he gave Respondent a work authorization stating his national origin was Guatemala. Complainant resigned on March 3, 2005, and was rehired as a Forklift Driver on May 25, 2005.

5. Furthermore as to Count A, Respondent's attendance records show that from November 21, 2005, through October 2, 2006, Complainant was absent on the following seven days: November 21, 2005, November 22, 2005, December 28, 2005, July 2, 2006, September 6, 2006, October 1, 2006, and October 2, 2006. Complainant alleges that the reason for the absences were that he was not allowed to take vacation leave, he had car problems, or he worked as many as twenty-three hours in a day. The investigation further revealed four co-workers who received written warnings for excused absences from January through December 2006. Two of these employees had four excused absences and two had five excused absences. The investigation revealed that Respondent did not treat Complainant different than similarly situated co-workers. There is no substantial evidence of a nexus between Respondent issuing a written warning to Complainant and his national origin. Therefore, there is no substantial evidence that Respondent issued a written warning to Complainant because of his national origin.

6. As to Count B, the Department's investigation did not reveal that Respondent suspended Complainant because of his national origin. The investigation revealed that Respondent has an Attendance Policy that states in part, that excessive unexcused absences will be disciplined as follows: one unexcused absence – written warning; two unexcused absences in a twelve month period – final warning and one-day suspension; three unexcused absences in a twelve month period – termination. The policy further states that being tardy on four days equals one unexcused absence. The investigation further revealed that in a Disciplinary Action Report dated April 25, 2006, Complainant was issued a written warning for an unexcused absence on April 12, 2006. In a Disciplinary Action Report dated October 15, 2006, Complainant was suspended for unexcused absences on April 12, 2006, and October 5, 2006, and for being late five times in 2006. The investigation further revealed that five co-workers who each had two unexcused absences, besides Complainant, were suspended for unexcused absences from January 1, 2006,

through December 11, 2006. The investigation revealed that Respondent did not treat Complainant different than similarly situated co-workers. There is no substantial evidence of a nexus between Respondent issuing a one-day suspension to Complainant and his national origin. Therefore, there is no substantial evidence that Respondent suspended Complainant for one day because of his national origin.

7.   As to Count C, the Department's investigation did not reveal that Respondent constructively discharged Complainant because of his national origin. The investigation revealed that Respondent's Accident Policy states that any employee involved in an accident involving property damage must report the accident to their immediate supervisor and that any employee involved in a reportable accident must submit to a drug test. On October 22, 2006, Complainant had an accident at work while operating his forklift in which an overhead light was broken. Complainant did not report the accident. Complainant's supervisor, Jake Symmonds, confronted Complainant about the accident, and Complainant admitted to having the accident. The next day, October 23, 2006, Carlos Mamarian, Operations Manager, told Complainant he would have to take a drug test. The investigation further revealed that sixty-eight employees from October 1, 2004, through October 1, 2006, have taken drug tests because of workplace accidents. Complainant refused to take the drug test, and was suspended pending an investigation. Respondent contends that when Complainant was informed of the suspension he quit. The investigation further revealed that Complainant's letter of resignation dated October 26, 2006, stated he was resigning because he was asked to take a drug test, received a written warning, and that he was suspended.

8.   Furthermore as to Count C, Constructive discharge will be found where respondent deliberately made working conditions so intolerable that a reasonable person in Complainant's position would have had no choice but to resign. Steele v. HRC, 160 Ill.App.3d 577, 513 N.E.2d 1177 (3rd Dist. 1987). Green Hills Country Club v. HRC, 162 Ill.App.3d 216, 514 N.E.2d 1227, 113 Ill.Dec. 216 (5th Dist. 1987). Here, Complainant refused to take a mandatory drug test and pursuant to Respondent's written policy, he was suspended. Thereafter, Complainant voluntarily resigned. The investigation revealed that Respondent did not treat Complainant different than similarly situated co-workers. There is no substantial evidence of a nexus between Respondent following its written accident policy and Complainant's national origin. Therefore, there is no substantial evidence that Respondent suspended constructively discharged Complainant because of his national origin.

9.   In his Request, Complainant alleges that he was treated differently than co-worker Eugene Cobb ("Cobb"). The investigation revealed that Cobb was suspended for one day in accordance with Respondent's Attendance Policy. As such, there is no substantial evidence that Respondent treated Complainan differently than similarly situated co-workers. Complainant's Request is not persuasive.

10.   In its Reply, Respondent contends that the Department properly dismissed Complainant's charge for Lack of Substantial Evidence.

11.   This is a final Order. A final Order may be appealed to the Appellate Court by filing a petition for review, naming 1) the Chief Legal Counsel Designee, 2) the Department, and 3) Respondent as appellees, with the Clerk of the Appellate Court within 35 days after the date of service of this Order. The Department deems "service" complete 5 days after mailing.

ENTERED THIS ___9th___ DAY OF ___January___, 2008.

Michael I. Lieberman
Supervising Attorney
Chief Legal Counsel Designee

Gen No. 2-08-0104

IN THE
APPELLATE COURT OF ILLINOIS
SECOND DISTRICT

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| MAXIMO F. WILHELM-MUNOZ, ) | |
| ) | |
| Petitioner/ Appellant, ) | Petition for Review of a Final Order |
| ) | of the Chief Counsel of the |
| v. ) | Illinois Department of Human Rights |
| ) | Charge No. 2007CF1595 |
| MICHAEL I. LIBERMAN, CHIEF ) | |
| LEGAL COUNSEL DESIGNEE, ) | |
| ROCCO J. CLAPS, DIRECTOR, ) | Appellate Court |
| OF ILLINOIS DEPARTMENT OF ) | General No. 2-08-0104 |
| HUMAN RIGHTS, and MILLARD ) | |
| REFRIGERATED SERVICES, ) | |
| ) | |
| Respondents/Appellee. ) | |

## JOINT STIPULATION TO DISMISS

Now Comes the Petitioner/Appellant, Maximo F. Wilhelm-Munoz by and through his attorney, Michael T. Smith, and by an agreement and a joint stipulation, dismisses this action with prejudice, each party bears their own costs.

Respectfully submitted,

_____          /s/ Lindsay E. Dansdill
Michael T. Smith                              Lindsay E. Dansdill
843 W. Wise Road                           Fisher Kanaris, P.C.
Schaumburg, IL 60193                   200 South Wacker Drive, 22nd Floor
(847) 895-0626                                Chicago, Illinois 60606
                                                        (312) 474-1418


EXHIBIT B



STATE OF ILLINOIS APPELLATE COURT SECOND DISTRICT

OFFICE OF THE CLERK
847/695-3750
847/695-0092 TDD

APPELLATE COURT BUILDING
55 SYMPHONY WAY
ELGIN, ILLINOIS 60120-5558

Appeal from the Department Of Human Rights

    DHR No.: 07CF1595

THE COURT HAS THIS DAY, 04/22/08, ENTERED THE FOLLOWING FINAL ORDER IN THE CASE OF:

    Gen. No.: 2-08-0104

    Wilhelm-Munoz, Maximo F. v. Liberman, Michael I., et al.

        Agreed motion by both parties to dismiss this
        appeal. Motion allowed and appeal is dismissed.
        THIS ORDER IS FINAL AND SHALL STAND AS THE MANDATE
        OF THIS COURT.
        (O'Malley, Callum, Zenoff, JJ.)


                                            Robert J. Mangan
                                            Clerk


cc:  Michael T. Smith
     Honorable Lisa Madigan
     Janon E. Fabiano
     Steven L. Offner
     Fisher Kanaris, P.C.
     Lindsay E. Dansdill
     Kevin M. Phillips
     Marc F. Katalinic

EXHIBIT C