IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maximo F. Wilhelm-Munoz, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Millard Refrigerated Services, Inc., )<br>)<br>Defendant. ) | No.: 08 CV 4034 |

## DEFENDANT MILLARD REFRIGERATED SERVICES, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant, MILLARD REFRIGERATED SERVICES, INC. ("Millard") and for its Reply to Plaintiff, MAXIMO F. WILHELM-MUNOZ's ("Munoz") Opposition to Defendant's Motion to Dismiss states as follows:

### I.  Facts

As the Court will recall, the moving Defendant filed its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint based on the following: 1) the doctrine of res judicata bars Plaintiff from filing his Title VII Claim for discrimination because Plaintiff had dismissed its claim for discrimination against Defendant with prejudice in the Illinois Appellate Court; 2) Plaintiff is barred from filing his Title VI claim because he failed to bring his Complaint within 90 days of the EEOC right to sue letter and; 3) Plaintiff waived his right to file a federal cause of action by dismissing his Petition for the Final Order of Chief Counsel for IDHR with prejudice.

Plaintiff has filed a Response to Millard's 12(b)(6) Motion to Dismiss. The majority of Plaintiff's Response fails to specifically address the issues at hand. Not surprisingly, Plaintiff also ignores several key facts set forth in Millard's Motion to Dismiss.

## II. LEGAL ARGUMENT

### A. Plaintiff's Complaint is Subject to Dismissal Based on the Doctrine of Res Judicata

Plaintiff first argues that res judicata does not bar his federal cause of action because the Chief Counsel for the IDHR did not adjudicate the matter on the merits. However, Plaintiff simply ignores the fact that Millard's argument rests not on the basis of the IDHR's dismissal of Munoz's discrimination charge but rather the fact that Munoz dismissed his appeal with prejudice. As set forth in Millard's Motion to Dismiss, this dismissal with prejudice is as conclusive as a final judgment on the merits and thus bars Munoz's identical federal claim for discrimination against Millard.

### B. Plaintiff's Complaint is Subject to Dismissal Because He Failed to File It Within Ninety Days of the EEOC's Right to Sue Letter

In his Response, Plaintiff cites to case law holding that the statutory limitations period contained in 42 U.S.C. § 2005e-5(f)(1) commences "on the date on which a claimant actually receives from the EEOC his notice of right to sue." Furthermore, Plaintiff sets forth the unsupported allegation that he received his right to sue letter from the EEOC "on or about April 19, 2008," which is **twelve days** after the letter was mailed from the EEOC in Chicago, Illinois to Munoz's home in Carol Stream, Illinois. Perhaps most surprisingly is that rather than attaching an affidavit stating that he received the right to sue letter on April 19, 2008, Plaintiff asserts that he is entitled to equitable tolling for noncompliance with the ninety day limitation period. Plaintiff's equitable tolling

2

argument effectively admits that he failed to file his complaint within the requisite ninety day period.

As set forth in Millard's Motion to Dismiss, a civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, k849-50 (7th Cir. 2001)(citing 42 U.S.C. §2000e-5(F)(1)). Furthermore, this ninety day timeframe is strictly construed and acts as a statute of limitations for Title VII Claims. *See Portillo v. Zebra Techs. Corp.* 154 Fed. Appx. 505, 507 (7th Cir. Ill. 2005). "This strict rule often yields harsh results, as filing even a few days late is fatal." *Buchanan v. City of Chi.*, 2005 U.S. Dist. LEXIS 451 (N.D. Ill. Jan. 11, 2005)(citing *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (affirming an award of summary judgment in the defendant's favor based on the fact that the plaintiffs filed their suit two days late); Wilson *v. Doctors Hosp.*, 909 F. Supp. 580, 581 (N.D. Ill. 2000) (dismissing a complaint because it was filed one day late).

Plaintiff's assertion that he received the EEOC right to sue letter "on or about April 19, 2008," twelve days after it was mailed goes against the accepted presumption "that letters are received five days after the mailing date." *Buchanan v. City of Chi.*, 2005 U.S. Dist. LEXIS 451 (N.D. Ill. Jan. 11, 2005)(citing *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989) ("unless proven otherwise, the receipt date is presumed to be five days from the mailing date"); *Saunders v. Am. Warehousing Servs., Inc.*, 2003 U.S. Dist. LEXIS 9090, No. 02 C 7650, 2003 WL 21266652, at *2 (N.D. Ill. May 30, 2003)). In *Buchanan,* the plaintiff stated that he likely received his right to sue letter within three or four days from the date of issuance.

*Buchanan*, 2005 U.S. Dist. LEXIS 451 at *8. Thus, plaintiff's suit was deemed untimely by the court as it was filed 104 days after the letter was likely received. *Id.* at *9. However, the court stated that even if the plaintiff had not testified to receiving the right to sue letter within three or four days of its issuance, the court would have presumed that it was received within five days of the mailing date. *Id.*

In this instance, the latest date the court could presume that Munoz received his right to sue letter is April 12, 2008. Thus, July 11, 2008 would have been the last date Plaintiff could have filed his complaint in order to comply with the 90 day time period set forth in 42 U.S.C. §2000e-5(F)(1). However, it is undisputed that Plaintiff waited until July 16, 2008 to file his Title VII claim. Because Plaintiff failed to adhere to the timeline for filing pursuant to 42 U.S.C. §2000e-5(F)(1), his complaint should be dismissed with prejudice.

Interesting enough, Plaintiff does not set forth evidence that disputes Millard's claim that he failed to file his complaint within 90 days of receiving the EEOC right to sue letter. Rather, Plaintiff merely argues that the doctrine of equitable tolling may excuse him from his failure to bring his Complaint within ninety days. Yet Plaintiff fails to establish any reason that would justify such a tolling. Rather, Plaintiff merely cites to distinguishable case law concerning a pro se plaintiff's failure to file her complaint in the correct jurisdiction after receiving her right to sue letter. In this instance, Munoz is neither a pro se plaintiff nor did he attempt to file a complaint within the requisite time period. As such, Plaintiff' Complaint is subject to dismissal with prejudice.

### C. Plaintiff's Complaint is Subject to Dismissal Because He Waived His Right to File a Complaint Under Title VII By Dismissing his State Law Discrimination Claim With Prejudice

Millard has established that Plaintiff has waived its right to file his Title VII action in federal court by dismissing his state law discrimination claim with prejudice. Plaintiff attempts to undermine the effect of his dismissal with the argument that his Title VII claim action was not waived because plaintiff never executed a release of claims. However, Plaintiff fails to acknowledge that he dismissed his state discrimination claim with prejudice. Plaintiff's dismissal with prejudice relinquished his right to file a Title VII claim based on the same operative facts in federal court. As such, Munoz's complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

### III. CONCLUSION

WHEREFORE, Defendant, Millard Refrigerated Services requests that this Court grant Millard's Motion to Dismiss Plaintiff, Maximo F. Wilhelm Munoz's Complaint and grant any and other further relief this Court deems just under the circumstances.

Respectfully submitted,

MILLARD REFRIGERATED SERVICES, INC.

By: s/ Lindsay E. Dansdill
Kevin M. Phillips
Lindsay E. Dansdill
Theodore Nicholas Goanos
FISHER KANARIS, P.C.
200 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
312.474.1400
312.474.1410 (fax)

E:\08-1747\Pleadings\Reply- Motion to Dismiss.doc