# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MAXIMO F. WILHELM-MUNOZ,     )
     )
     Plaintiff,     )
     )
     vs.     )     08 C 4034
     )
MILLARD REFRIGERATED     )
SERVICES, INC.,     )
     )
     Defendant.     )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Millard Refrigerated Services, Inc. ("Millard") to dismiss Maximo Wilhelm-Munoz ("Wilhelm")'s one-count complaint for failure to state a claim. For the reasons set forth below, the motion is granted.

## BACKGROUND

On July 16, 2008, Wilhelm filed the present action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* This court has jurisdiction pursuant to 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e-5(f).

Millard employed Wilhelm, a Guatemalan, from May 17, 2005 to October 26, 2006. According to the allegations in the complaint, which we must accept as true for

the purposes of this motion, Wilhelm resigned as a result of treatment he received from Millard's plant manager, Mike Polarkey. He specifically asserts that Polarkey treated him differently than he treated non-Guatemalan employees. Following his termination, Wilhelm timely filed a discrimination charge against Millard with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC). In his charge, Wilhelm alleged that Polarkey: (1) issued Wilhelm a written disciplinary warning for acquiring greater than five excused absences within a year; and (2) suspended Wilhelm for being late to work on two or more occasions. Wilhelm asserts that Polarkey's actions forced him to leave his employment with Millard. After investigating his claim, the IDHR dismissed Wilhelm's discrimination charge; the EEOC adopted those findings.

On February 8, 2008 Wilhelm filed a Petition for Review of the IDHR decision in the Second District Illinois Appellate Court; he voluntarily dismissed the petition on April 17. Moving the court for dismissal, Wilhelm's counsel filed an affidavit swearing "At this time, based upon consultation with Maximo F. Wilhelm-Munoz and attorney Lindsay E. Dansdill for the Appellee, the Joint Stipulation to Dismiss has been entered into voluntarily by each party to terminate this appeal process." (Pl. Resp. Ex. G at 3.) Wilhelm also filed the joint stipulation stating "Now Comes the Petitioner/Appellant, Maximo F. Wilhelm-Munoz by and through his attorney, Michael T. Smith, and by an

agreement and a joint stipulation, dismisses this action with prejudice, each party bears their own costs." (Def. Mot. Dismiss. Ex. B.) The court entered the final order on April 22 declaring "THE ORDER IS FINAL AND SHALL STAND AS THE MANDATE OF THIS COURT.[sic]" (Def. Mot. Dismiss. Ex. C.)

On April 7, 2008, the EEOC adopted the findings of the IDHR. On April 19, Wilhelm received notice of the EEOC decision and his right to sue, and he subsequently filed this lawsuit. Wilhelm seeks the following relief: a declaration that Millard violated his civil rights, reinstatement or front pay, lost wages and benefits, statutory liquidated damages for willful conduct, and attorney's fees and costs.

In response to Wilhelm's complaint, Millard filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Wilhelm's complaint fails to state a cause of action upon which relief can be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*,

939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

A complaint's legal sufficiency is not compromised simply because it does not anticipate or otherwise preemptively address potential defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). If the complaint so unmistakably establishes the presence of a defense that the suit is rendered frivolous, the affected allegations can be dismissed before a responsive pleading is filed. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

With these principles in mind, we consider the instant motion.

## DISCUSSION

In its motion, Millard requests dismissal on several grounds. First, it claims that *res judicata* bars Wilhelm from filing the present discrimination claim. Next, it asserts that Wilhelm waived his right to file this action by dismissing his petition for appellate review with prejudice. Finally, it contends that Wilhelm failed to file his federal cause of action within 90 days of receiving the EEOC's right-to-sue letter.

In its first argument, Millard states that *res judicata* bars Wilhelm's federal action. *Res judicata* is an affirmative defense and is "rarely a good reason to dismiss under 12(b)(6)." *Moore v. Morales*, 415 F. Supp. 2d 891, 894 (N.D. Ill. 2006). *Res judicata* precludes claims where there is (1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits. *Lim v. Cent. Dupage Hosp.*, 972 F.2d 758, 762-63 (7th Cir. 1992). In reviewing a motion to dismiss under 12(b)(6), the court "is not precluded in [its] review of the complaint from taking judicial notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 269 (1986). Congress requires that federal courts give the same preclusive effect to a state court judgement as the courts of that state would give it. 28 U.S.C. § 1738.

The pertinent issue is whether a voluntary dismissal with prejudice from an appeal to a state appellate court for its review of an administrative determination is a judgment on the merits. The parties have not provided, nor has our research revealed, any Illinois cases addressing this particular issue. When an aggrieved party is permitted to address a Title VII action in federal court, administrative *res judicata* does not necessarily bar a later suit. *Astoria Fed. Sav. & Loan Ass'n v. Soliminio*, 501 U.S. 104, 107 (1991). However, under Illinois law, a settlement or compromise operates like a judgment for *res judicata* purposes and is therefore conclusive with respect to any matter settled by the agreement. *Barth v. Reagan*, 497 N.E.2d 519, 523 (Ill. App. Ct.

1986); *see also Brownridge v. Michigan Mut. Ins. Co*., 321 N.W.2d 798 (Mich. Ct. App. 1982) (dismissing plaintiff's state court action based on plaintiff's voluntary dismissal with prejudice of previous federal action).  Furthermore, the language contained in a stipulation is construed against the party drafting it. *Barth*, 497 N.E.2d at 525.  In this case, Wilhelm's counsel drafted a joint stipulation to "terminate this appeal process." (Pl. Resp. Ex. G at 3.)  We interpret the language of the stipulation consistent with that representation and conclude that it indicates that the parties intended to settle the case. *Barth* makes clear that such an agreement operates as a judgment on the merits for *res judicata* purposes.  497 N.E.2d at 523.

According to Millard, the proceeding before the IDHR and its eventual appellate disposition have *res judicata* effect on the present action.  Illinois law is clear that a dismissal with prejudice is a final adjudication on the merits and bars subsequent suits brought on the same cause of action.  *Torres v. Rebarchak*, 814 F.2d 1219 (7th Cir. 1987); *see also Astron Indus. Assoc., Inc. v. Chrysler Motors Corp.*, 405 F.2d 958 (5th Cir. 1968) (holding a stipulation of dismissal with prejudice is a final judgment on the merits).  In *Torres*, the parties dismissed the state claim with prejudice.  *Id.* at 1223. When the plaintiff filed the same action in federal district court, the court granted defendant's motion to dismiss.  *Id.* It reasoned that because the parties agreed to a settlement in the state case, the plaintiff was barred from relitigating the claim.  *Id.*

Although Wilhelm is not required to anticipate potential affirmative defenses, the court can take judicial notice of his agreement stipulating to a voluntary dismissal with the Illinois Appellate Court. *Papasan*, 478 U.S. at 269. Wilhelm agreed to dismiss the petition with prejudice on April 17, 2008. Thus, Wilhelm's voluntary dismissal is a final judgment on the merits. As such, this court grants Millard's motion on the basis that a voluntary dismissal precludes Wilhelm from filing the same action against the same party in this court.

The court grants Millard's motion for the reasons discussed above, therefore, there is no need to consider Millard's remaining assertions.

## CONCLUSION

Based on the foregoing, Millard's motion to dismiss Wilhelm's complaint under Fed. R. Civ. P. 12(b)(6) is granted.

Charles P. Kocoras
United States District Judge

Dated:   September 23, 2008